Craig Friedberg, Esq. (NV 4606)
LAW OFFICES OF CRAIG B. FRIEDBERG, ESQ.
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
(702) 435-7968 – telephone
attcbf@cox.net

Taylor L. Kosla, Esq. (SBN 632780)[1]
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Telephone: (312) 224-4695
Facsimile: (312) 253-4451
taylor@agrusslawfirm.com

*Attorneys for Plaintiff*,
ERIC PAIGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIC PAIGE, ) | |
| ) | Case No. 2:21-cv-1255 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NAVY FEDERAL CREDIT UNION, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, ERIC PAIGE ("Plaintiff"), by and through his attorneys, alleges the following against Defendant, NAVY FEDERAL CREDIT UNION ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA").

2. Count II of Plaintiff's Complaint is based on the Nevada Deceptive Trade Practices Act, NRS 598 *et seq.* and NRS 41.600 ("NDTPA").

**JURISDICTION AND VENUE**

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1693m.

---

[1] Illinois counsel will comply with LR IA 11-2 and move for pro hac vice admission within 30 days.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692m(g), which states that such actions may be brought and heard "[w]ithout regard to the amount in controversy," in "any United States district court."

5. This court has supplemental jurisdiction over the state law claim alleged herein pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Plaintiff resides within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Las Vegas, Clark County, Nevada.

8. Defendant is a credit union headquartered in the City of Vienna, Fairfax County, State of Virginia.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to Defendant.

10. During the course of its attempts to collect debts allegedly owed to Defendant, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly arising from a credit card account.

13. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

14. Plaintiff's alleged debt was scheduled to be paid via periodic and recurring payments from Plaintiff's personal checking account.

15. On at least two occasions including, but not limited to, in or around December 2020, Plaintiff spoke with one of Defendant's representatives and requested for Defendant to stop withdrawing funds from his personal checking account.

16. In or around December 2020, Defendant's representative told Plaintiff that Defendant could not stop withdrawing funds from Plaintiff's personal checking account.

17. Despite the foregoing, Defendant continued to withdraw funds from Plaintiff's personal checking account.

18. Plaintiff has suffered ascertainable damages from Defendant's actions and/or omissions in the form of monetary losses.

19. Defendant's above-referenced conduct further affected Plaintiff in a personal and individualized way by causing Plaintiff to experience anger, stress, worry, frustration, embarrassment, and emotional distress.

### COUNT I:
### DEFENDANT VIOLATED THE ELECTRONIC FUND TRANSFER ACT

20. Plaintiff repeats and re-alleges paragraphs one (1) through nineteen (19) of Plaintiff's Complaint as if fully set forth herein under Count I.

21. Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

22. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

23. Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

24. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." Id. at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." Id. at

¶10(b), comment 6.

25. In multiple instances, Defendant has debited Plaintiff's bank account on a recurring basis without obtaining a written authorization signed or similarly authenticated from Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

26. In multiple instances, Defendant has debited Plaintiff's bank account on a recurring basis without providing to Plaintiff a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

## COUNT II:
## DEFENDANT VIOLATED THE NEVADA DECEPTIVE TRADE PRACTICES ACT

27. Plaintiff repeats and re-alleges paragraphs one (1) through nineteen (19) and twenty-one (21) through twenty-six (26) of Plaintiff's Complaint as if fully set forth herein under Count II.

28. The foregoing acts and omissions constitute numerous and multiple violations of the NDTPA.
   a. Defendant's conduct violated NRS 598.0915(15), 598.092(8) and 598.023(3) by violating the EFTA, a federal statute, when Defendant withdrew funds from Plaintiff's checking account without Plaintiff's permission or authorization, which was owed for goods and/or services; and
   b. Through each and every violation of the NDTPA, Defendant committed "consumer fraud" as defined by NRS 41.600(2)(e).

WHEREFORE, Plaintiff, ERIC PAIGE, respectfully requests judgment be entered against Defendant, NAVY FEDERAL CREDIT UNION, for the following:

1. Actual damages;
2. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A)

3. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3).

4. As a result of each and every violation of the NDTPA and act of "consumer fraud" by Defendant, Plaintiff is entitled to damages pursuant to NRS 41.600(3)(a);

5. Equitable relief that the court deems appropriate, pursuant to NRS 41.600(3)(b);

6. Reasonable attorneys' fees and costs pursuant to NRS 41.600(3)(c); and

7. Any other relief this Honorable Court deems appropriate.

DATED: July 1, 2021

Respectfully submitted,
LAW OFFICES OF CRAIG B. FRIEDBERG, ESQ.

By: /s/ *Craig Friedberg*
Craig B. Friedberg

-and-
Taylor L. Kosla, Esq. (SBN 6327180)
(Subject to Pro Hac Vice)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
*Attorneys for Plaintiff*