Craig Friedberg, Esq. (NV 4606)
LAW OFFICES OF CRAIG B. FRIEDBERG, ESQ.
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
(702) 435-7968 – telephone
attcbf@cox.net

Taylor L. Kosla, Esq. (SBN 632780)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Telephone: (312) 224-4695
Facsimile: (312) 253-4451
taylor@agrusslawfirm.com

*Attorneys for Plaintiff*,
ERIC PAIGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIC PAIGE, ) | |
| ) | Case No. 2:21-cv-01255-GMN-VCF |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NAVY FEDERAL CREDIT UNION, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, ERIC PAIGE ("Plaintiff"), by and through his attorneys, and for his First Amended Complaint, alleges the following against Defendant, NAVY FEDERAL CREDIT UNION ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's First Amended Complaint is based on the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA").

2. Count II of Plaintiff's First Amended Complaint is based on the Nevada Deceptive Trade Practices Act, NRS 598 *et seq.* and NRS 41.600 ("NDTPA").

## JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1693m.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692m(g), which states that such actions may be brought and heard "[w]ithout regard to the amount in controversy," in "any United States district court."

5. This court has supplemental jurisdiction over the state law claim alleged herein pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Plaintiff resides within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Las Vegas, Clark County, Nevada.

8. Defendant is a credit union headquartered in the City of Vienna, Fairfax County, State of Virginia.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to Defendant.

10. During the course of its attempts to collect debts allegedly owed to Defendant, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly arising from a credit card account with Defendant.

13. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

14. Plaintiff's alleged debt was scheduled to be paid via periodic and recurring payments from Plaintiff's personal checking account, also through Respondent.

15. Defendant was, by agreement among the parties, preauthorized to withdraw funds from

Plaintiff's personal account at substantially regular intervals.

16. Defendant was preauthorized to withdraw funds from Plaintiff's personal account at monthly intervals.

17. At all times relevant, Defendant withdrew funds from Plaintiff's personal account at substantially regular monthly intervals.

18. Pursuant to the EFTA, a consumer may stop payment of preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the schedule date of such transfer.

19. On several occasions within the past two years of Plaintiff commencing this action, Defendant has initiated electronic transfers from Plaintiff's personal checking account without his consent.

20. On at least two occasions including, but not limited to, in or around December 2020, Plaintiff spoke with one of Defendant's representatives and requested for Defendant to stop withdrawing funds from his personal checking account.

21. During a conversation with one of Defendant's representatives in or around December 2020, Defendant's representative falsely represented that Defendant could not stop withdrawing funds from Plaintiffs personal checking account.

22. During the above-mentioned conversation:
    a. Defendant's representative knew that that Defendant could stop payments from Plaintiff's personal checking account.
    b. Defendant's representative misrepresented Plaintiff's legal rights.

23. The conduct by Defendant's representative constitutes a deceptive trade practice and a violation of the NDTPA.

24. Despite the foregoing, Defendant continued to withdraw funds from Plaintiff's personal checking account.

25. Defendant's failure to stop payments from Plaintiff's personal checking account constitutes a violation of the EFTA.

26. Defendant's violation of the EFTA constitutes a violation of the NDTPA.

27. Defendant's violations of the EFTA and the NDTPA are related to the sale of goods or

services.

28. Plaintiff has suffered ascertainable damages from Defendant's actions and/or omissions in the form of monetary losses.

29. Defendant's above-referenced conduct further affected Plaintiff in a personal and individualized way by causing Plaintiff to experience anger, stress, worry, frustration, embarrassment, and emotional distress.

## COUNT I:
## DEFENDANT VIOLATED THE ELECTRONIC FUND TRANSFER ACT

30. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-nine (29) of Plaintiff's First Amended Complaint as if fully set forth herein under Count I.

31. Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

32. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

33. Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

34. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." Id. at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." Id. at ¶10(b), comment 6.

35. In multiple instances, Defendant has debited Plaintiff's bank account on a recurring basis without obtaining a written authorization signed or similarly authenticated from Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section

4

907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

36. In multiple instances, Defendant has debited Plaintiff's bank account on a recurring basis without providing to Plaintiff a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

## COUNT II:
## DEFENDANT VIOLATED THE NEVADA DECEPTIVE TRADE PRACTICES ACT

37. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-nine (29) and thirty (30) through thirty-six (36) of Plaintiff's First Amended Complaint as if fully set forth herein under Count II.

38. The foregoing acts and omissions constitute numerous and multiple violations of the NDTPA.
    a. Defendant's conduct violated NRS 598.0915(15), 598.092(8) and 598.0923(3) by violating the EFTA, a federal statute, when Defendant withdrew funds from Plaintiff's checking account without Plaintiff's permission or authorization, which was owed for goods and/or services, when Defendant's representative falsely represented that Defendant could not stop withdrawing funds from Plaintiff's personal checking account and when Defendant's representative misrepresented Plaintiff's legal rights; and
    b. Through each and every violation of the NDTPA, Defendant committed "consumer fraud" as defined by NRS 41.600(2)(e).

WHEREFORE, Plaintiff, ERIC PAIGE, respectfully requests judgment be entered against Defendant, NAVY FEDERAL CREDIT UNION, for the following:

1. Actual damages;
2. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A)

5

3. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3).

4. As a result of each and every violation of the NDTPA and act of "consumer fraud" by Defendant, Plaintiff is entitled to damages pursuant to NRS 41.600(3)(a);

5. Equitable relief that the court deems appropriate, pursuant to NRS 41.600(3)(b);

6. Reasonable attorneys' fees and costs pursuant to NRS 41.600(3)(c); and

7. Any other relief this Honorable Court deems appropriate.

DATED: September 13, 2021

Respectfully submitted,
LAW OFFICES OF CRAIG B. FRIEDBERG, ESQ.

By: /s/ *Craig Friedberg*
 Craig B. Friedberg

-and-
Taylor L. Kosla, Esq. (SBN 6327180)
(Admitted Pro Hac Vice)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I, Taylor Kosla, certify that a copy of Plaintiff's First Amended Complaint was served on the Defendant via the Court's Electronic Case Filing (ECF) system on September 13, 2021:

Lindsey H. Morales
McCALLA RAYMER LEIBERT PIERCE, LLP
1635 Village Center Circle, Suite 130
Las Vegas, Nevada 89134
708-906-0053
Lindsey.morales@mccalla.com
Attorney for Defendant

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

By:  /s/ Taylor Kosla
     Taylor Kosla